LOCAL 1390 AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES v LANSING

MUNICIPAL CORPORATIONS—COLLECTIVE BARGAINING—ESTABLISHED
PRACTICE—FREE PARKING—ARBITRATION.

An allowance by a city of free parking to its employees from 1966
to 1969 was not an established past practice which impliedly
became part of the parties' collective bargaining agreement and
a proper subject for arbitration under a new agreement effec-
tive in 1970 which made no mention of free parking privileges;
the free parking allowance may have been sustainable under
the prior agreement that expired May 31, 1970, which also
made no mention of free parking privileges, but not under the
new agreement which took effect six months after the city
notified the union of the discontinuance of free parking where,
despite such notice, the new contract made no mention of free
parking.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted Division 2 March 12, 1973, at Lansing.
(Docket No. 14269.) Decided March 29, 1973. Leave
to appeal denied, 390 Mich 774.

Complaint by Local 1390 and Michigan Council
No. 55 of the American Federation of State,
County and Municipal Employees against the City
of Lansing to enforce an arbitration award. Judg-
ment for defendant. Plaintiffs appeal. Affirmed.

*Zwerdling, Maurer, Diggs & Papp,* for plaintiffs.

*Miller, Johnson, Snell & Cummiskey* (by *Henry
L. Guikema),* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arbitration and Award § 68.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

QUINN, P. J. Plaintiffs represent numerous employees of defendant. They filed complaint in circuit court to enforce an arbitration award which required defendant to furnish 39 employees free or fully reimbursed parking privileges at or near their normal work place and required defendant to reimburse the employees for parking charges imposed on them. Relief was denied and plaintiffs appeal. In 1966, defendant began allowing employees of traffic and city hall departments free parking at municipal parking facilities adjacent to their normal place of work. Defendant's parking revenue bond ordinance, effective since 1966, prohibited defendant from allowing free parking to any person. December 1, 1969, defendant gave notice that it was no longer going to permit free parking. The collective bargaining agreement then in effect between defendant and the union made no mention of free parking privileges; this agreement expired May 31, 1970.

Two grievances were filed over the discontinuance of free parking which were referred to arbitration for determination. June 26, 1970, a new collective bargaining agreement was negotiated between defendant and the union effective June 1, 1970 to May 31, 1972. It made no mention of free parking privileges. July 28, 1970, the arbitrator issued his award which required defendant to provide free or fully reimbursed parking at or adjacent to the normal work place of the employees signing the two grievances. August 7, 1970, defendant notified the union that defendant would reimburse the two grievants but that it would not

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

reinstate free parking nor reimburse anyone for parking after June 1, 1970.

September 4, 1970, 39 union employees filed grievances requesting free parking, claiming it was a benefit of their employment. These grievances were submitted to arbitration and the award sought to be enforced by this action was made.

The theory of plaintiffs is that by allowing free parking from 1966 to the notice of December 1, 1969, a past practice was established which impliedly became part of the collective bargaining agreement and was a proper subject for arbitration. If this theory was sustainable under the prior collective bargaining agreement, it is not sustainable under the agreement of June 1, 1970. Six months prior to the June 1, 1970 agreement, defendant notified the union of the discontinuance of free parking. With this knowledge, the contract of June 1, 1970 made no mention of free parking. There was no implied provision in the June 1, 1970 contract relating to free parking, *Torrington Co. v Metal Products Workers Union Local 1645,* 362 F2d 677 (CA 2, 1966).

Affirmed with costs to defendant.

All concurred.